NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CONRADO EDUARDO MORENO
OVALLE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-241

Agency No.
A213-016-234

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2024**
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Conrado Eduardo Moreno Ovalle, a citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

immigration judge's (IJ) denial of his application for asylum, withholding of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we affirm. "Our review is limited to the BIA's decision except where the IJ's opinion is expressly adopted." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1. **Asylum.** The BIA concluded that Moreno Ovalle was ineligible for asylum because he did not timely file his application. A person seeking asylum must file their application within one year of the date they arrived in the United States unless they can demonstrate that an exception applies. 8 U.S.C. § 1158(a)(2)(B), (D). Moreno Ovalle arrived in the U.S. in 2004 but did not apply for asylum until 2018 because he did not realize he could apply earlier. Moreno Ovalle does not argue that an exception applies that would permit his untimely application, but rather asserts that the one-year statutory deadline violates his Fifth Amendment due process rights.

Moreno Ovalle does not sufficiently develop or support his argument. Generally, "ignorance of the law is no excuse." *Alquijay v. Garland*, 40 F.4th 1099, 1103 (9th Cir. 2022) (quoting *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003)). It is not clear whether Moreno Ovalle argues that the filing deadline violates substantive or procedural due process (or both), nor does he

explain how the filing deadline violates those rights. He argues that the filing deadline is arbitrary and capricious because noncitizens may not know about it, but he does not cite authority that supports this argument. The BIA therefore did not err in concluding that Moreno Ovalle's asylum application was untimely.

**2. Withholding.** Withholding requires that a petitioner prove a causal nexus between a statutorily protected characteristic and either past harm or an objectively reasonable fear of future harm. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The statutorily protected grounds include "race, religion, nationality, membership in a particular social group, [and] political opinion." *Id.* (citing 8 U.S.C. § 1231(b)(3)(A)). Moreno Ovalle argues that he was persecuted in Guatemala when he was robbed in 2001 and 2002, and he asserts that his persecution was on account of his membership in a particular social group (PSG) of people in Guatemala who are not in criminal gangs. Given that Moreno Ovalle conceded he was targeted because he was working as a debt collector and the robbers thought he had money, substantial evidence supports the BIA's conclusion that he was not targeted on account of membership in his asserted PSG.

**3. CAT Relief.** To qualify for CAT relief, an applicant "must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). Furthermore, the torture must be

"with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)). The BIA agreed with the IJ that Moreno Ovalle provided insufficient evidence to demonstrate his eligibility for CAT protection. Moreno Ovalle argues that he would be targeted if returned to Guatemala because people would assume that he has money after living in the U.S. But he does not point to any evidence in the record that he faces a "particularized threat" of torture, *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)), let alone torture with the acquiescence of the government. Substantial evidence therefore supports the BIA's conclusion that Moreno Ovalle was ineligible for CAT protection.

**PETITION DENIED**.